IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICKY ORLANDO NICHOLS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:14CV482<br>1:04CR424-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ricky Orlando Nichols, submitted a Motion [Doc. #58] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and subsequently received a sentence of 210 months imprisonment as a career offender under USSG § 4B1.1. Petitioner contends that his sentence is not valid because, under United States v. Davis, 720 F.3d 215 (4th Cir. 2013) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he is no longer properly classified as a career offender. After reviewing the Motion, the Court entered an Order [Doc. #61] staying the matter pending the decision of the Court of Appeals for the Fourth Circuit in United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). In the Order staying the matter, the Court noted that after Foote was decided, the Court would allow Petitioner thirty days to brief the impact of Foote and would consider whether appointment of counsel was appropriate. Accordingly, the undersigned later advised Petitioner of the decision in Foote,

informed him of its likely impact on his case, and allowed him thirty days to either withdraw his Motion without prejudice or file a supplemental brief addressing Foote. (Text Order, Oct. 5, 2015.) Although Petitioner later filed a Supplement [Doc. #68] as to a separate pending motion under 18 U.S.C. § 3582(c)(2), he did not address Foote or otherwise respond to the Text Order. Therefore, his § 2255 Motion is again before the Court for review and for consideration of whether to require a Response from the Government.

Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

In this case, Petitioner lists only one ground for relief in his Motion, which is the claim described above challenging his career offender designation based on Davis and Simmons. However, Petitioner's claim is not cognizable under § 2255. In United States v. Foote, the United States Court of Appeals for the Fourth Circuit addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Likewise, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding.

Accordingly, the Court concludes that Petitioner states no claim for relief, the previously-entered stay should be lifted, and Petitioner's Motion should be dismissed.

Because this Motion is being dismissed pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond and no appointment of counsel is required. The Clerk will notify Petitioner of the dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that the previous stay based on Foote be lifted, that Petitioner's Motion [Doc. #58] to vacate, set aside or correct sentence be dismissed under Rule 4(b), Rules Governing Section 2255 Proceedings, and that this action be dismissed.

This, the 28th day of January, 2016.

      /s/ Joi Elizabeth Peake
United States Magistrate Judge